IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER D. CARLSON )<br>)<br>  Plaintiff, )<br>)<br>  -vs- )<br>)<br>ANDREW M. SAUL, )<br>ACTING COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>  Defendant. ) | Civil Action No. 19-1008 |

AMBROSE, Senior District Judge.

## **OPINION AND ORDER**

### **Synopsis**

Plaintiff Walter D. Carlson ("Carlson") has filed multiple prior applications for disability benefits relating to several prior periods. For instance, on a prior claim, although he was found to be disabled between November 28, 2011 through July 22, 2013, it was determined that improvement then occurred and by July 23, 2013, Carlson was capable of performing a full range of light work. (R. 70) Carlson then filed a subsequent claim on January 28, 2014. (R. 70) In that case, ALJ Kenworthy concluded that Carlson had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. (R. 74) Consequently, on April 5, 2016, he denied Carlson's application for benefits.

The instant application was filed following that decision. Carlson alleges an onset date of November 29, 2016. (R. 15) ALJ Brasch denied his claim following a hearing during which both Carlson and a vocational expert ("VE") testified. That appeal is before

1

me now. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 11 and 13. For the reasons set forth below, the ALJ's decision is vacated and this case is remanded for further consideration.

## Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

  II. The ALJ's Decision

At step one, the ALJ determined that Carlson has not engaged in substantial gainful activity since the alleged onset date. (R. 17) The ALJ also determined that Carlson suffered from several severe impairments. Specifically, the ALJ found that Carlson has chronic obstructive pulmonary disease / asthma; non-specific lung nodules; lumbar degenerative disc disease with radiculitis; sacroiliac joint dysfunction, status/post bilateral bunion repair; bilateral foot paresthesias; myofascial pain syndrome; and hearing loss. (R. 17) Those impairments, or a combination thereof, however, do not meet or equal one of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18-19) Further, the ALJ concluded that Carlson had the RFC to perform light work with a number of limitations. (R. 19) Additionally, the ALJ found that, although Carlson has no

past relevant work, considering his age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy which Carlson could perform. (R. 23-24) Accordingly, the ALJ denied benefits.

### III. Discussion

Carlson asserts only one challenge on appeal – that ALJ Brasch erred in failing to articulate what weight, if any, he gave to a prior ALJ ruling. Specifically, in April 2016, ALJ Kenworthy found that Carlson had the RFC to perform sedentary work with certain limitations. (R. 74) That decision was included in the record evidence before ALJ Brasch in evaluating Carlson's claim for benefits with an onset date of November 2016. In finding Carlson capable of performing light work, ALJ Brasch's opinion is at odds with ALJ Kenworthy's opinion. Yet ALJ Brasch's opinion is devoid of any mention of ALJ Kenworthy's decision.

The absence of a discussion mandates a remand. As my colleague in *Zavilla v. Astrue*, Civ. No. 9-133, 2009 WL 3364853, at * 15 (W.D. Pa. Oct. 16, 2009) discussed, although findings regarding a claimant's RFC in an earlier decision are not binding in later proceedings, an ALJ errs by failing to explicitly address those findings and in not explaining what weight, in any, was given to that earlier decision. "As a consequence, the ALJ's decision is not supported by substantial evidence and a remand for further proceedings is necessary to address the prior findings and their applicability, if any, to Plaintiff's current application." *Zavilla*, 2009 WL 3364853, at * 15. *See also, Dias v. Saul*, Civ. No. 17-1812, 2019 WL 4750268, at * 7 (M.D. Pa. Sept. 30, 2019) ("the failure to reconcile the 2011 Opinion with the plaintiff's underlying application for disability was erroneous in this case."); *Solis v. Astrue*, Civ. No. 8-3483, 2010 WL 2898798, at * 6

(E.D. Pa. July 22, 2010) ("[b]ecause the ALJ did not address ALJ Arrastia's findings that plaintiff's mental impairment was severe in the period immediately prior to January 24, 1999, and that, as a result of this impairment, plaintiff was 'moderately limited in her ability to understand, remember, and carry out detailed instructions and her ability to maintain attention and concentration,' his decision is not supported by substantial evidence.") and *Krokus v. Colvin*, Civ. No. 13-389, 2014 WL 31360, at *1 n. 1 (W.D. Pa. Jan. 2, 2014) ("[A] subsequent ALJ is not bound by the RFC findings of a previous ALJ for a later period. The earlier findings are relevant, of course, but lack preclusive effect. What the ALJ must do is consider all of the evidence for the relevant period, not merely take the prior RFC determination and explain any changes from that determination based on evidence of a later change in condition.")

      The Commissioner urges that *Zavilla* and its progeny is no longer good case law because the regulation *Zavilla* considered was not in effect at the time ALJ Brasch issued his decision in this case. I am not convinced by the Commissioner's argument. The version of Section 416.912(b)(5) in effect when Carlson *actually filed* his claim provided that "evidence" included "decisions by any governmental or nongovernmental agency about whether you are disabled or blind." 20 C.F.R. 416.912(b)(5) (in effect between April 20, 2015 to March 26, 2017). That in turn references 20 C.F.R. 416.904, which provides that decisions by other governmental agencies, such as the Department of Veteran's Affairs, are not binding on the Social Security Administration. It explains that "we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with 416.913(a)(1) through (4)." If the Social Security Commission is

willing to consider decisions made by other governmental agencies, it stands to reason that it will consider its own decisions.

Additionally, the fact that the regulation may have been amended by the time that ALJ Brasch issued his decision so as to omit reference to "decisions by other governmental agencies," does not negate the underlying point of law relied upon in *Zavilla*. The *Zavilla* court cited to the Third Circuit Court of Appeals statement that, "[i]n making a residual functional capacity determination, the ALJ must consider all evidence before him." *Burnett v. Commr. of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000), *citing*, *Plummer v. Apfel*,186 F.3d 422, 429 (3d Cir. 1999); and *Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986). In articulating the need to consider all evidence of record, the Third Circuit did not rely on 20 C.F.R. 416.912(b)(5).  The duty to consider all evidence of record remains good law. *Lucent v. Comm'r. of Soc. Sec.*, Civ. No. 19-780, 2020 WL 2217269, at * 7 (M.D. Pa. May 7, 2020) *Miller v. Saul*, Civ. No. 19-871, 2020 WL 2122348, at * 6 (M.D. Pa. May 4, 2020) *See also, Dias v. Saul*, Civ. No. 171812, 2020 WL 1627444, at * 2 (M.D. Pa. Apr. 2, 2020) (citing *Burnett* in stating that, "[w]e did not find that the current ALJ is bound by the previous ALJ's reasoning, or that the ALJ did not have evidence regarding the severity of the plaintiff's left-hand injury. Rather, we indicated that an ALJ must address all the relevant evidence.").

Consequently, because the ALJ did not discuss the prior decision or the weight, if any, he gave ALJ Kenworthy's decision, I must remand this case. This is not to say that Carlson will be entitled to benefits. It may be, as the Commissioner suggests, that the prior decision was based upon a pulmonary impairment that had improved by the time that ALJ Brasch issued his decision. If this is the basis for discounting ALJ Kenworthy's

decision, ALJ Brasch must so indicate. Without a discussion, however, this Court cannot ascertain whether ALJ Brasch failed to consider the earlier decision or discounted it for legitimate reasons.  Therefore, this case must be remanded.

On remand, the ALJ should consider and make specific findings regarding the impact of ALJ Kenworthy's 2016 decision and RFC finding as it relates to the pending application.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER D. CARLSON )<br>    Plaintiff, )<br>)<br>-vs- )<br>)<br>ANDREW M. SAUL, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>    Defendant. ) | Civil Action No. 19-1008 |

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 14th day of May, 2020, it is hereby ORDERED that the Defendant's Motion for Summary Judgment (Docket No. 13) is DENIED and the Plaintiff's Motion for Summary Judgment (Docket No. 11) is GRANTED. It is further ORDERED that the case is REMANDED for further consideration consistent with the Opinion set forth above.

                                                                         BY THE COURT:

                                                                         *Donetta F. Ambrose*
                                                                         _____
                                                                         Donetta W. Ambrose
                                                                         United States Senior District Judge